UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

TEDDY ALBERT ALLMAN                                                    PLAINTIFF

v.                                             CIVIL ACTION NO. 3:10CV-P672-C

GLENN DOTSON *et al.*                                             DEFENDANTS

**MEMORANDUM OPINION**

This matter is before the court on initial review of the complaint pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons that follow, the action will be dismissed.

**I.**

The plaintiff, Teddy Albert Allman, is currently incarcerated at the Kentucky State Reformatory (KSR). He filed a *pro se* complaint pursuant to 42 U.S.C. § 1983, against the following six defendants in their individual and official capacities: KSR Grievance Coordinator Glenn Dotson; KSR Unit Administrator Travis St. Clair; KSR Case Treatment Officer Martina Gregory; KSR Correctional Officer Theresa Morris; KSR Warden Cookie Crews; and Kentucky Department of Corrections Commissioner LaDonna H. Thompson.

According to the complaint and its attachments, on July 15, 2010, the plaintiff received a memorandum from the grievance coordinator, defendant Dotson, advising that Grievance No. 10-0523 was closed due to the plaintiff's failure to timely file an appeal to the warden. The plaintiff attempted to file a grievance

regarding the closing of that grievance, but defendant Dotson refused to allow him to file the grievance. The plaintiff then filed another grievance (Grievance No. 10-0640) challenging defendant Dotson's refusal to allow him to file the grievance. The grievance was denied at the informal stage. The plaintiff claims that grievance committee members (defendants Gregory and Morris) and the committee chair (defendant St. Clair) disregarded the main issue of Grievance No. 10-0640 (*i.e.*, that Dotson refused to allow him to file a grievance) and instead agreed with the informal decision that Grievance No. 10-0523 was closed due to the plaintiff not filing an appeal to the warden. He similarly alleges that defendant Warden Crews also disregarded the main issue and agreed with the committee's decision. He finally contends that defendant Commissioner Thompson also side-stepped the main issue and concurred with the warden.

Based on these allegations, the plaintiff alleges being denied the right to petition government under the First Amendment to the U.S. Constitution and being denied the right to due process under the Fifth and Fourteenth Amendments to the U.S. Constitution. He also alleges violations of Sections Fourteen and Twenty-six of the Kentucky Constitution. As relief, he seeks monetary and punitive damages and an injunction ordering defendant Dotson to file the grievance he refused to hear and removing defendant Dotson from his position.

**II.**

When a prisoner initiates a civil action seeking redress from a governmental

entity, officer or employee, the trial court must dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, -- U.S. -- , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett*, 561 F.3d at 488 (quoting *Columbia Natural Res.,*

*Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 555, 557).

### III.

**A. Federal claims**

All of the plaintiff's federal constitutional claims against the defendants revolve around their participation in the grievance process. However, an inmate grievance procedure is not constitutionally required. *See United States ex rel. Wolfish v. Levi*, 439 F. Supp.114, 163 (S.D.N.Y. 1977), *aff'd sub nom, Wolfish v. Levi*, 573 F.2d 118 (2nd Cir. 1978), *rev'd on other grounds, Bell v. Wolfish*, 441 U.S. 520 (1979); *Spencer v. Moore*, 638 F. Supp. 315 (E.D. Mo. 1986). If a prison provides a grievance process, violations of its procedures do not rise to the level of a federal constitutional right, *see Martin v. Crall*, No. 3:05 CV P399 H, 2006 WL 515530, at *8 (W.D. Ky. Feb. 27, 2006); *Spencer*, 638 F. Supp. at 316; *Azeez v. DeRobertis*, 568 F. Supp. 8, 10 (N.D. Ill. 1982), and a prisoner has "no constitutionally protected due process interest in unfettered access" to that grievance process. *Walker v. Mich. Dep't of Corr.*, 128 F. App'x 441, 445 (6th Cir. 2005). Further, "[a]lthough prisoners have a First Amendment right to file grievances, . . . . [they] cannot premise a § 1983 claim against [a prison official]

based on allegations that the grievance procedure produced an inadequate and/[or] unresponsive result because there is no inherent constitutional right to a grievance procedure in the first place." *Butterworth v. Jones*, No. 3:07cv1073, 2007 WL 3256584, at *2 (M.D. Tenn. Oct. 30, 2007). Finally, "[t]he 'denial of administrative grievances or the failure to act' by prison officials does not subject supervisors to liability under § 1983." *Grinter v. Knight*, 532 F.3d 567, 576 (6th Cir. 2008) (quoting *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999)); *Alder v. Corr. Med. Servs.*, 73 F. App'x 839, 841 (6th Cir. 2003) ("The mere denial of a prisoner's grievance states no claim of constitutional dimension.").

For these reasons, the federal constitutional claims against all defendants must be dismissed for failure to state a claim upon which relief may be granted.

**B. State-law claims**

The plaintiff alleges violation of Sections Fourteen and Twenty-six of the Kentucky Constitution. Section 1367(c) of Title 28 of the United States Code provides, in pertinent part, that "[t]he district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Having determined that all federal claims over which the court has original jurisdiction must be dismissed, the court will decline to exercise supplemental jurisdiction over the remaining state-law claims, and those claims will be dismissed without prejudice.

The court will enter a separate order consistent with this memorandum

opinion.

Signed on November 30, 2010

**Jennifer B. Coffman, Judge**
**United States District Court**